10-8-09

Clerk, U. S. District Court
Western District of Texas

By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

RAY CURTIS GRAHAM,
          Plaintiff,

-vs-

RISSIE OWENS, Individually and in Her Official Capacity as Chairperson of the Texas Board of Pardons and Paroles; STUART JENKINS, Individually and in His Official Capacity as Director of the Parole Division of the Texas Board of Pardons and Paroles; JOSE ALISEDA JR., CHARLES AYCOCK, CONRITH DAVIS, JACKIE DENOYELLES, LINDA GARCIA, JUANITA M. GONZALEZ, THOMAS G. FORDYCE, PAMELA D. FREEMAN, TONY GARCIA, ELVIS HIGHTOWER, JAMES PAUL KIEL JR., EDGAR MORALES, JAMES C. POLAND, LYNN RUZICKA, CHARLES SHIPMAN, CHARLES C. SPEIER, and HOWARD A. THRASHER, SR; ,
          Defendants.

Case No. A-08-CA-006-SS

## JURY INSTRUCTIONS

MEMBERS OF THE JURY:

    You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you are the judges of the facts. Do not consider any statement that I have made during the trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Your answers and your verdict must be unanimous.

The party seeking relief in a civil action such as this must prove every essential element of his claim by "a preponderance of the evidence." A preponderance of the evidence means the amount of evidence that persuades you a claim is more likely true than not true. In determining whether any fact has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of a party's claim by a preponderance of the evidence, then you must find for the other party on that claim.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe what each person had to say, and how important that testimony was. In making that decision I suggest you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with any party to the case? Did the witness have a good memory? Did the witness have the opportunity and ability to understand the

questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that may help you determine the accuracy of what each witness said.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial. You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

In weighing the credibility of a witness, you may consider the fact that he has previously been convicted of a felony. Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.

Certain testimony was presented to you by reading a witness' prior testimony. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' pior testimony, given under oath, may be used. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers the witness gave were read to you. This testimony is

entitled to the same consideration and is to weighed and otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified from the witness stand in court.

There are two types of evidence that you may consider in finding the truth as to the facts in this case. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence, which is the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

It is the duty of the attorneys on each side to object when the other side offers testimony or other evidence which counsel believes is not properly admissible. When the Court has sustained an objection to a question, you are to disregard that question and may draw no inference from the wording of it or speculate as to what the witness would have said if permitted to answer. Upon allowing testimony or other evidence to be introduced over the objection of counsel, the Court does not indicate any opinion as to the weight or effect of such evidence. Also, when the Court asks questions of a witness, you are instructed not to assume the Court has any opinion on the matter to which the questions may relate.

In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You must think about the testimony of each witness and decide how much you believe of what each witness said. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all the other evidence you believe that single witness.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

The Plaintiff in this case is Mr. Ray Curtis Graham, a parolee who has never been convicted of a sex offense. The Texas Board of Pardons and Paroles imposed certain sex offender conditions—which have also been referred to in this trial as "Special Condition X"—on Mr. Graham in December of 2007, after considering his case at the request of the Parole Division of the Texas Department of Criminal Justice. As a result, Mr. Graham brought this lawsuit, alleging that the Defendants violated his constitutional rights by imposing sex offender conditions on him without affording him procedural due process, and seeking to recover compensatory damages from the Defendants based on this denial of due process.

The Defendants in this case are Rissie Owens, the Chairperson of the Texas Board of Pardons and Paroles, and Stuart Jenkins, the Director of the Parole Division of the Texas Department of

Criminal Justice. The Defendants deny the Plaintiff's allegations and deny that he is entitled to damages.

You are instructed that I have already determined as a matter of law that Mr. Graham's constitutional right to procedural due process was violated by the process used to impose the sex offender conditions. Federal law mandates that a parolee who has never been convicted of a sex offense has a constitutional liberty interest in being free from the imposition of sex offender conditions, such that the State cannot impose sex offender conditions on such a parolee unless it affords the parolee an "appropriate hearing" that meets the requirements of due process, and makes an explicit determination that the parolee "constitutes a threat to society by reason of his lack of sexual control." In this case, I have found Mr. Graham was not given an "appropriate hearing" for the following reasons: neither Mr. Graham nor his attorney were allowed to see the evidence assembled by the Parole Division to justify the recommendation or to know what evidence was considered by the Board Panel in making its determination; neither Mr. Graham nor his attorney were allowed to appear or make any representation to the Board Panel notwithstanding the fact that a representative of the Parole Division was personally present; and Mr. Graham was given no confirmation that the members of the Board Panel ever saw or read the materials he presented or reviewed any of the evidence at all, rather than just the summary. I have also found no explicit finding was made by the members of the Board Panel or anyone else that Mr. Graham is a threat to society by reason of lack of sexual control, as is required by law. This is a higher standard than a finding simply that Mr. Graham could be a "threat to society."

You are instructed that in January of 2008, shortly after this lawsuit was filed, this Court entered an order in which it expressed "grave concerns" about the constitutionality of Defendants'

policies and procedures for imposing the sex offender conditions. The Court required that each member of the Board of Pardons and Paroles, including Ms. Owens, receive a copy of its order.

The division of duties between the Parole Division of the Texas Department of Criminal Justice (which I will refer to as the "Parole Division") and the Texas Board of Pardons and Paroles (which I will refer to as the "Parole Board"), as relates to the particular process challenged in this case, is as follows. The Parole Division is responsible for recommending that sex offender conditions be imposed on a particular parolee; assembling evidence as a basis for that recommendation; ensuring the evidence, and a summary of the evidence, are submitted to the Board Panel to use in making the decision; having a representative personally present to answer any questions the Board Panel may have; and enforcing any sex offender conditions that are imposed by the Board Panel after it holds an appropriate hearing and makes the determination an offender is a threat to society by reason of lack of sexual control. The Parole Board is responsible, through its Board Panels, for examining the evidence and materials presented by the Parole Division as to a particular parolee, and making the finding of whether that parolee "constitutes a threat to society by reason of his lack of sexual control" at an appropriate hearing before ordering the imposition sex offender conditions on that parolee. In no way does the law restrict the Parole Board and the Parole Division from working together in discharging their duties.

Attached to this Jury Charge is a Verdict Form that has several questions. Before answering a particular question on the Verdict Form, you must consider the instructions for that question that are provided below. Bear in mind, members of the jury, you may or may not ultimately answer each question; so carefully follow the "roadmap" instructions on the Verdict Form to determine which questions you must answer.

## INSTRUCTIONS FOR QUESTION ONE

Even though I have found the process for imposing sex offender conditions on the Plaintiff violated his clearly established constitutional right to procedural due process, you must determine whether one or both of the Defendants is liable to Plaintiff for that violation.

A person may sue for an award of money damages against anyone who, "under color" of State law, intentionally violates his rights under the Constitution of the United States. To establish a claim under this law, a plaintiff must establish, by a preponderance of the evidence, each of the following three elements: (1) that the Defendant intentionally committed acts that violated one or more of the Plaintiff's federal constitutional rights that I have described to you; (2) that in so doing the Defendant acted "under color" of the authority of the State of Texas; and (3) that the Defendant's acts were the legal cause of the Plaintiff's damages.

The first element of the Plaintiff's claim is that the Defendant, in committing the acts complained of, intentionally or recklessly deprived the Plaintiff of a federal right. In order for the Plaintiff to establish this element, he must show that those acts the Defendant took under color of state law caused the Plaintiff to suffer the loss of a federal right; and, that, in performing those acts, the Defendant acted with an intent to deprive the Plaintiff of his rights, or with a reckless disregard for or indifference to those rights.

The Plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the Defendant was a cause-in-fact of the damage Plaintiff suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. The Plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the Defendant was a

proximate cause of the damage the Plaintiff suffered. An act or omission is a proximate cause of the Plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

In this case, the Plaintiff claims that the Defendants Rissie Owens and Stuart Jenkins, while acting under color of authority of the State of Texas in their respective capacities as the Chairperson of the Parole Board and the Director of the Parole Division, intentionally violated the Plaintiff's constitutional right to procedural due process. The parties have agreed that the Defendants acted "under color" of state law and you must accept that fact as proven.

In order to show the Defendant intentionally committed a violation of the Plaintiff's constitutional rights, the Plaintiff may show either (1) the Defendant personally participated in acts that caused the constitutional deprivation or (2) there is a "sufficient causal connection" between the constitutional violation and the Defendant's conduct.

You are instructed that the Defendant may only be responsible for his or her own act or failure to act—you may not hold the Defendant liable for what other employees did or did not do. But, as I stated above, the Defendant may be liable if there is a "sufficient causal connection" between his or her conduct and the constitutional violation; in other words, if the constitutional violation is affirmatively linked to the action or inaction of the Defendant. Thus, the Defendant may be liable if he or she implemented an unconstitutional policy or practice that was the direct cause of the Plaintiff's injury. Likewise, the Defendant may be liable if he or she had actual knowledge of a violation of the Plaintiff's constitutional rights and acquiesced in that violation by failing to intervene to stop or prevent the constitutional violation, so long as it is shown by the Plaintiff that

the Defendant possessed a reasonable opportunity to stop, prevent, or rectify the violation, but consciously failed to do so.

Although there are two Defendants in this case, it does not necessarily follow that if one is liable, the other is also liable. Each Defendant is entitled to fair, separate and individual consideration of his case without regard to your decision as to the other Defendant.

If you answer "Yes" as to either Defendant for Question One, proceed to answer Question Two as to that Defendant only. If you answer "No" as to both Defendants, answer no further questions.

## INSTRUCTIONS FOR QUESTION TWO

If you find the Plaintiff has proven his claims with respect to either Defendant, you must then consider that Defendant's defense that his or her conduct was objectively reasonable in light of the legal rules clearly established at the time. This defense is called "qualified immunity." If a Defendant is entitled to qualified immunity, then he or she is not liable for the constitutional violation. The Plaintiff has the burden of showing by a preponderance of the evidence that the qualified immunity defense does not apply to the Defendant.

Question Two asks, "Do you find, by a preponderance of the evidence, that the Defendant's actions during the relevant time period were objectively unreasonable in light of the clearly established law at the time?" Answer "Yes" or "No" as to each Defendant.

At the time of the incidents giving rise to this lawsuit, it was clearly established law that a person on parole who has not been convicted of a sex offense has a liberty interest created by the United States Constitution in being free from the imposition of sex offender conditions, unless or until the State affords him an "appropriate hearing" that comports with the requirements of due

-10-

process and makes the explicit finding that he "constitutes a threat to society by reason of his lack of sexual control."

A reasonably competent public official is presumed to know about the clearly established law governing his or her conduct. If, after considering the scope of discretion and responsibility given to each Defendant in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time, you find from a preponderance of the evidence that the Plaintiff has proved either (1) that the Defendant was plainly incompetent or that (2) the Defendant knowingly violated the law regarding the Plaintiff's constitutional rights, you must find for the Plaintiff. If, however, you find that the Defendant had a reasonable belief that his or her actions did not violate the constitutional rights of the Plaintiff, then you cannot find him or her liable even if the Plaintiff's rights were in fact violated as a result of the Defendants' objectively reasonable action. Because qualified immunity turns only upon the objective reasonableness of the Defendant's acts, a particular Defendant's subjective state of mind has no bearing on whether that Defendant is entitled to qualified immunity.

One potentially relevant circumstance in determining if the Defendant's conduct was objectively reasonable is whether the official relied on the advice of counsel, although the reasonableness of the Defendant's reliance on such advice must be judged on a case-by-case basis. Reliance on the advice of counsel is not a circumstance that automatically entitles the Defendant, who reasonably should have known the clearly established law, to qualified immunity—it is merely a factor in your determination. In examining Defendant's claim of reliance on the advice of counsel, I instruct you to consider the following relevant factors: (1) how unequivocal and specifically tailored to the particular facts giving rise to the controversy the advice was; (2) whether complete

information had been provided to the advising attorney; (3) the prominence and competence of the advising attorney; and (4) the length and degree of mature deliberation accorded the matter by the advising attorney.

If you answer "Yes" to Question One and "Yes" to Question Two for either or both of the Defendants, proceed to Question Three. Otherwise, answer no further questions.

## INSTRUCTIONS FOR QUESTION THREE

Question Three is a question regarding damages, and you should consider damages only if necessary. If you decide either Defendant is liable to the Plaintiff, you must determine the damages to which the Plaintiff is entitled. You should not interpret the fact that I have given instructions about the Plaintiff's damages as an indication in any way that I believe that the Plaintiff should, or should not, win this case. It is your task first to decide whether the Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that either Defendant is liable and that the Plaintiff is entitled to recover money from the Defendant.

If you determine the Defendant is liable to the Plaintiff, you must determine an amount that is fair compensation for the Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole—that is, to compensate the Plaintiff for the damage that the Plaintiff has suffered.

You may award compensatory damages only for injuries that the Plaintiff proves were proximately caused by the Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant. You should

not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

Question Three asks, "What sum of money, if paid now in cash, would reasonably compensate the Plaintiff for his injuries sustained in the period of time from December 17, 2007 to August 10, 2009 as a result of the deprivation of his constitutional right to procedural due process?"

Answer in dollars and cents, if any, for each element of damages listed.

In this case, you are only to consider the Plaintiff's damages, if any, which were sustained in the period of time from December 17, 2007 through August 10, 2009, as a result of the deprivation of his constitutional right to procedural due process. Specifically, you may award damages for mental anguish and loss of enjoyment of life, and for out-of-pocket expenses, that the Plaintiff sustained during that time period.

No evidence of the value of intangible things, such as mental anguish and loss of enjoyment of life, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate the Plaintiff for the damages he has suffered. There is no exact standard for

fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

You are instructed that in this case the Plaintiff has confined his claims to recover compensatory damages for emotional and mental harm to those harms caused by the procedural deficiencies of constitutional dimension for which he alleges the Defendants are responsible. The Plaintiff does not seek to recover compensatory damages for any emotional or mental harm he may have suffered as the result of having to comply with the sex offender conditions which were imposed. Accordingly, you are instructed to limit your consideration of the Plaintiff's compensatory damages for emotional and mental harm to those harms, if any, caused by and attributable to the deprivation of due process itself, and no others; and when fixing the amount of money damages, if any, which will reasonably compensate the Plaintiff, you shall not consider whether the Parole Board would have been justified in imposing sex offender conditions of parole in Plaintiff's case had they provided Plaintiff with procedural due process.

If you find that the Plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of nominal damages in the sum of one dollar, evidencing that liability has been proved.

Proceed to answer Question Four.

### INSTRUCTIONS FOR QUESTION FOUR

Question Four asks, "Do you find that it was necessary for the Plaintiff to incur attorneys' fees in the prosecution of this case?" Answer "Yes" or "No."

Answer no further questions.

## DELIBERATIONS AND VERDICT

Any verdict must represent the considered judgment of each juror. In order to answer a question or return a verdict, it is necessary that each juror agree to the verdict. In other words, the answers to your questions and your verdict must be unanimous.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly.

It is your sworn duty as jurors to consult with one another and to deliberate in an effort to reach agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, you may choose to re-examine your own views and even change your mind completely after discussing the evidence with the other jurors. However, do not surrender your honest conviction as to the weight or the effect of the evidence solely because of the opinion of your fellow jurors or for the sole purpose of reaching a verdict.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case. Do not let bias, prejudice or sympathy play any part in your deliberations.

Upon retiring to the jury room you should first select one of your number to act as your presiding juror who will preside over your deliberations and will be your spokesperson here in Court. A Verdict Form has been prepared for your convenience.

You will take the Verdict Form to the jury room, and when you have reached unanimous agreement as to your verdict, you will have your presiding juror fill it in, date and sign it, and then

return to the courtroom. After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the presiding juror and pass the note to the court security officer who will bring it to my attention. I will either answer your question in writing or bring you back to the courtroom for other verbal instructions. If you send a written message or question to the Court, however, do not volunteer any information on the progress of the jury in reaching a verdict.

SIGNED this the 8th day of October 2009, at 11:40 o'clock A. m..

*Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE