UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**RAY CURTIS GRAHAM**

*Plaintiff*

V.                                                                    **No. 1:08-cv-06-SS**

**RISSIE OWENS**, *et al.*,

*Defendants*


**PLAINTIFF'S MOTION FOR ENTRY OF**

**FINAL JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Ray Curtis Graham, Plaintiff in the above captioned and numbered cause and, pursuant to Rule 58(d) of the Federal Rules of Civil Procedure, files this *Motion for Entry of Final Judgment* and in this connection would respectfully show unto the Court as follows:

**I.**

**UNCONTESTED FACTS**

On August 6, 2009, the Court entered an order that declared the official policy of the Texas Board of Pardons and Paroles with regard to the imposition of "Sex Offender" conditions of parole known as "Condition X," as applied to Plaintiff; as well as the official policy of the Parole Division of the Texas Department of Criminal Justice

concerning the same; unconstitutional and in violation of the right to Procedural Due Process guaranteed by the Fourteenth Amendment to the United States Constitution.[1]

On October 8, 2009, after a trial by jury that commenced on October 5, 2009, the jury returned a verdict on special interrogatories in favor of Plaintiff and against Defendant Rissie Owens in her personal capacity. Specifically, the jury found that Defendant Owens subjected or caused Plaintiff to be subjected to a deprivation of his constitutional right to Procedural Due Process; and that Defendant Owens was personally liable to Plaintiff for compensatory damages sustained by Plaintiff in the amount of $21,250.00 (Twenty-One Thousand, Two Hundred and Fifty Dollars). With regard to Defendant Stuart Jenkins, the jury found the doctrine of qualified immunity shielded Defendant Jenkins from personal liability on Plaintiff's claims.[2] On October 15, 2009, Plaintiff filed his *Post-Verdict Motion for Additional and Further Equitable Relief.*

## II.

### PLAINTIFF'S REQUEST

Subject to the Court's action on Plaintiff's *Post-Verdict Motion for Additional and Further Equitable Relief,* which has been separately filed by Plaintiff earlier today, Plaintiff now moves the Court to direct the Clerk to enter a final judgment in this case in accordance with Rule 58(d) of the Federal Rules of Civil Procedure. In this connection, Plaintiff has filed herewith a proposed final judgment.

Further, and pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure as well as Local Rule CV-7(i) (of the Rules of the U.S. District Court for the Western District of Texas), Plaintiff hereby give notice that he intends to file not later than

---

[1] Doc. 156 (8/06/2009).
[2] Doc. 200 (10/08/2009).

fourteen (14) days after entry of the Court's final judgment herein, an application for his attorneys' fees as authorized under Title 42 U.S.C. Section 1988.

Respectfully submitted,

_____/s/_____
Scott Pawgan*                                  Richard Gladden
Texas Bar No. 24002739                         Texas Bar No. 07991330

David O'Neil                                   Jackson & Hagen
Texas Bar No. 15284700                          100 West Oak Street, Ste. 302
                                               Denton, Texas 76201
Wm. T. Habern                                  940/323-9307 (voice)
Texas Bar No. 08665500                         940/382-5829 (facsimile)

*Attorney-in-Charge for Plaintiff             Co-Counsel for Plaintiff


Habern, O'Neil & Pawgan, L.L.P.
P.O. Box 8930
Huntsville, Texas 77340
936/435-1380  (voice)
936/435-2376 (facsimile)


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on all Defendants by service on their respective attorneys-in-charge, Assistant Texas Attorneys General Bruce R. Garcia and Carol M. Garcia, through use of the Court's electronic filing system, on this 15th day of October, 2009, in accordance with the Local Rules of the U.S. District Court for the Western District of Texas and the Federal Rules of Civil Procedure.


_____/s/_____
Richard Gladden